IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA PYLANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-0745-P |
| | § | |
| DONALD CUBA, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Now before the Court is Plaintiff Julia Pylant's Motion to Dismiss Counterclaims and Affirmative Defenses (doc. 11) filed on March 7, 2014. The motion is fully briefed and ready for ruling. After reviewing the briefing and the applicable law, the Court **GRANTS** the motion in part, **DENIES** it in part, and **FINDS IT MOOT** in part.

## I. BACKGROUND

This case arises out of a February 10, 2012 sexual encounter between Julia Pylant and Donald Cuba while they were students at Southern Methodist University ("SMU"). (*See* Pl.'s First Am. Pet. ¶ 7, attached to Notice of Removal.) Pylant alleges that Cuba raped her and she pursued discipline charges through SMU and criminal charges through the state system. (*See id.* ¶¶ 7-10.) She further alleges that SMU

> had information that Cuba [had] assaulted at least one other student (as reported to ["Resident Assistant"] Thornton), had reason to believe that Cuba's acts would continue if no corrective action was taken by SMU, did nothing to warn Pylant or otherwise prevent the unlawful attacks, and chose to retain Cuba as a student at SMU after the prior event.

(*See id.* ¶ 31.) She thus sues Cuba for civil assault and battery and intentional infliction of emotional distress. (*See id.* ¶¶ 32-36, 38-41.)

On March 5, 2014, Cuba filed his answer to the amended petition and asserted affirmative defenses and counterclaims. (*See* Def. Donald Cuba's Orig. Answer, Affirmative Defenses & Orig. Counterclaims, doc. 10, hereinafter cited to as "Doc. 10.") He asserts three defenses: (1) consent; (2) res judicata and collateral estoppel; and (3) Pylant's "own fault, acts or omissions caused or contributed to her injury, if any." (*See id.* at 9.) And he asserts five counterclaims against Pylant: (1) malicious prosecution, (2) defamation, (3) intentional infliction of emotional distress, (4) violation of Fed. R. Civ. P. 11, and (5) tortious interference with contractual relations. (*See id.* at 14-19.)

Two days later, Pylant moved to dismiss all counterclaims and affirmative defenses pursuant to Fed. R. Civ. P. 12(b)(6) and the Texas Citizens Participation Act ("TCPA"), Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-27.011 (West Supp. 2014).[1] Cuba has filed his response (doc. 21), Pylant has filed a reply brief (doc. 24), and the motion is ripe for ruling.[2]

## II. RELATED CASE

On September 12, 2013, Cuba commenced civil action No. 13-3670 by filing a complaint against Pylant and her parents. In December 2013, he filed his first amended complaint to assert a malicious prosecution claim against Pylant and claims of defamation and tortious interference with contractual relations against her and her parents.[3] Both Pylant and her parents moved to dismiss the complaint pursuant to Rule 12(b)(6) and the TCPA. And then in January 2014, Pylant filed her original petition against Cuba in this case, followed by her amended petition in February 2014, Cuba's answer in March

---

[1] Pylant expressly made her motion to dismiss subject to her motion to remand. Because the Court has denied the motion to remand, it now addresses the motion to dismiss.

[2] Pylant argues that the response is untimely. (*See* Reply at 2.) But Cuba timely filed his response when three days are added to the twenty-one day response period as provided by Fed. R. Civ. P. 6(d).

[3] Through the amended complaint, Cuba asserted the same claims raised in his original complaint; in fact, the two complaints are essentially the same with only a few different facts.

2014, and the motion to dismiss now before the Court.

In a contemporaneous order, the Court has ruled on motions to dismiss filed in Cuba's original case. For the reasons stated in that order, the Court (1) finds the instant motion moot to the extent it relies on the TCPA, (2) denies the motion to the extent it seeks dismissal of the counterclaims of malicious prosecution and tortious interference with contractual relations under Fed. R. Civ. P. 12(b)(6), and (3) grants the motion in part and denies it in part to the extent it seeks dismissal of the defamation counterclaim under Rule 12(b)(6). It will not revisit those rulings here. It addresses the only remaining issues below.

### III. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Pylant moves to dismiss three defenses and two purported counterclaims. Because the current state of the law is unclear as to whether the same standards apply to pleading claims and affirmative defenses, *see EEOC v. Courtesy Bldg. Servs.*, Inc., No. 3:10-CV-1911-D, 2011 WL 208408, at *2 (N.D. Tex. Jan. 21, 2011) (noting different standards), the Court considers the counterclaims separately from the asserted affirmative defenses.

**A. Counterclaims**

"Like all claims for relief, counterclaims must satisfy Fed. R. Civ. P. 8(a)(2) to survive a Rule 12(b)(6) motion to dismiss." *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011); *accord Merritt Hawkins & Assocs., LLC v. Gresham*, No. 3:13-CV-0312-P, 2014 WL 685557, at *2 (N.D. Tex. Feb. 21, 2014). Rule 8(a)(2) requires all pleadings that state a claim for relief to contain "a short and plain statement of the claim showing that

the pleader is entitled to relief."[4] The purpose of this rule is to provide opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Rule 12(b)(6) provides a means to dismiss a claim or pleading for "failure to state a claim for which relief can be granted."[5] In determining whether to dismiss under Rule 12(b)(6), the courts are limited to examining the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In this context, pleadings include attachments to a pleading. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). And the courts consider attachments to a motion to dismiss as part of the pleadings when the operative pleading – whether a complaint or counterclaim – refers to the attached documents and they are central to a claim. *Collins,* 224 F.3d at 499 (discussing documents referred to in the complaint); *Bank of Am., N.A. v. FDIC*, 908 F. Supp. 2d 60, 77 (D.D.C. 2012) (discussing documents referred to in the complaint and counterclaims). A document is central to a claim when it is "necessary to establish an element" of the claim. *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But if the operative pleading references a document that "is merely

---

[4]Rule 8(a) formerly stated: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . .." *See Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1251 n.34 (D. Kan. 2004). Although Rule 8(a) was amended in 2007, the changes were "intended to be stylistic only." *See* Fed. R. Civ. P. 8 (2007 amend.). Because Rule 8(a) was only stylistically amended, the former language provides unmistakable support for treating counterclaims the same as other claims.

[5]Like Fed. R. Civ. P. 8(a), Rule 12 was stylistically amended in 2007. *See* Fed. R. Civ. P. 12 (2007 amend.). Rule 12(b)(6) had previously read:
> (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted.

*See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1047 n.1 (5th Cir. 1982); *Simmons v. 22 Acquisition Corp.*, No. 2:05-CV-169, 2005 WL 3018726, at *1 (E.D. Tex. Nov. 10, 2005).

evidence of an element" of a claim, the courts do not incorporate it into the pleading. *Id.* Additionally, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

The courts accept all well-pleaded facts as true and view them in the light most favorable to the party asserting the claim. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (claim in complaint); *Merritt Hawkins & Assocs., LLC*, 2014 WL 685557, at *2-4 (counterclaims); *NTR Bullion Grp., LLC v. Liberty Metals Grp., LLC*, No. 3:13-CV-3945-D, 2014 WL 1516311, at *1 (N.D. Tex. Apr. 18, 2014) (counterclaims and third-party claims); *King v. Enter. Leasing Co. of DFW*, No. 3:05-CV-0026-D, 2007 WL 840302, at *2 (N.D. Tex. Mar. 20, 2007) (counterclaims). They also "draw all reasonable inferences in the [non-movant's] favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009). A well-pleaded counterclaim or claim in a complaint "may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, a party asserting the claim must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, any claim – whether stated originally in the complaint or subsequently as a counterclaim – fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the [non-movant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks

> for more than a sheer possibility that a [movant] has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" [an opposing party's] liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). To avoid dismissal under Rule 12(b)(6), parties opposing dismissal must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In resolving a Rule 12(b)(6) motion to dismiss, the courts are not focused on whether the party opposing dismissal will ultimately prevail, but whether that party is entitled to offer evidence to support adequately stated claims. *Id.* at 563 n.8.

A party may also assert an affirmative defense as a basis to dismiss a claim under Fed. R. Civ. P. 12(b)(6). *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 686 (E.D. Tex. 2009). But to succeed on such a defense under Rule 12(b)(6), the party must show that "the facts alleged in [the operative] pleadings make clear that a claim is barred." *Id.* It is the asserting party's burden to plead and prove the affirmative defense. *Id.*

**1. Intentional Infliction of Emotional Distress**

In three brief paragraphs, Cuba asserts his counterclaim for intentional infliction of emotional distress ("IIED"). (*See* Doc. 10 ¶¶ 43-45.) The first paragraph merely "realleges and specifically incorporates by reference herein the facts and allegations set forth in paragraphs 1-42." (*See id.* ¶ 43.) The next one asserts the meat of the counterclaim:

> The reckless, intentional, outrageous, indifferent, deliberate or recklessly indifferent and unlawful conduct of Pylant, as set for above and herein, caused severe emotional, psychological and psychiatric injuries, distress, and harm to Cuba. The conduct of Pylant is extreme and outrageous and goes beyond all possible bounds of decency.

(*See id.* ¶ 44.) And in the final paragraph, he alleges that her conduct is the proximate cause of his damages. (*See id.* ¶ 45.)

Pylant moves to dismiss the IIED claim on grounds that the claim is both untimely and without

merit. (*See* Pylant's Br. Supp. Mot. Dismiss, doc. 12, at 18-19.) As an initial matter, she contends that an IIED claim "is a 'gap-filler tort' judicially created to allow recovery where emotional distress is inflicted in such an unusual manner there are no other theories of redress." (*See id.* at 18 (quoting *Hairston v. S. Methodist Univ.*, 441 S.W.3d 327, 332 (Tex. App. – Dallas 2013, pet. denied).) In response, Cuba agrees that the claim is a gap-filler that is only available when a party has no other remedy. (*See* Cuba's Resp., doc. 21, at 24.) He neither argues that his claim succeeds on the merits nor that he has timely asserted it. (*See id.*) He simply contends that the claim is available if "the Court determines that he has no other claim." (*See id.*).

The Supreme Court of Texas has emphasized the "exacting requirements" of the IIED tort. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 815 (Tex. 2005). It "is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies." *Id.* at 816; *accord Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). When other remedies have been available, a party cannot assert an IIED claim "just because those avenues may now be barred." *Creditwatch, Inc.*, 157 S.W.3d at 816. "Federal district courts applying Texas law have therefore consistently held that an IIED claim cannot arise from the same events and injuries that support a claim brought simultaneously by the same plaintiff under the ADA." *Balderrama v. Pride Indus., Inc.*, 963 F. Supp. 2d 646, 668 (W.D. Tex. 2013). That same principle applies when an IIED counterclaim arises from the same events and injuries that support other simultaneous counterclaims brought by the same party. Because Cuba's IIED claim relies on the same facts as his other claims, Texas law bars his IIED claim. Consequently, the Court dismisses the IIED counterclaim.

### 2. Claim Asserted Under Fed. R. Civ. P. 11

Cuba next appears to assert a counterclaim for damages under Fed. R. Civ. P. 11 based upon Pylant asserting claims against him that "are without legal or factual merit, are groundless, and are

7

frivolous." (*See* Doc. 10 ¶ 46.) Pylant moves to dismiss such claim under Rule 12(b)(6). (*See* Pylant's Br. Supp. Mot. Dismiss at 20-21.) In response, Cuba states that he "is not bringing a Rule 11 sanction based on Pylant's pleadings." (*See* Cuba's Resp. at 25.) Accordingly, to the extent Cuba initially pursued a counterclaim under Rule 11, the Court deems the claim abandoned.

### B. <u>Affirmative Defenses</u>

Pylant also seeks to dismiss Cuba's affirmative defenses pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Pylant's Br. Supp. Mot. Dismiss at 22-23.) Cuba opposes dismissal of his defenses and contends that, if his defenses are "vague or ambiguous," Pylant can seek a more definite statement under Fed. R. Civ. P. 12(e). (*See* Cuba's Resp. at 25.)

Rule 12(f), rather than Rule 12(b)(6), provides the proper vehicle to address an insufficient affirmative defense. *See GE Capital Commercial, Inc. v. Worthington Nat'l Bank*, No. 3:09-CV-572-L, 2011 WL 5025153, at *1 (N.D. Tex. Oct. 20, 2011) (discussing Rule 12(f) in context of a motion to exclude evidence); *Huffman v. Remstar Int'l, Inc.*, No. 4:08-CV-157, 2009 WL 1445967, at *1 (E.D. Tex. May 21, 2009) (accepting recommendation of Mag. J. which states that a "Rule 12(b)(6) motion is not proper for dismissing a defendant's affirmative defenses"). Rule 12(f) permits a federal court to strike "an insufficient defense" from a pleading. And the courts may act sua sponte or on motion by a party. *See* Fed. R. Civ. P. 12(f).

Given the text of Rules 12(b)(6) and (f) and the overarching principle of Fed. R. Civ. P. 1 that the courts construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court construes the present motion as one brought pursuant to Rule 12(f). *See Huffman*, 2009 WL 1445967, at *1. Although "a motion to dismiss the answer on the ground that it states an insufficient defense no longer is the proper procedure for eliminating a particular defense . . . there seems to be no harm in treating an application under Rule

12(b)(6) to dismiss a defense as a motion to strike." 5C Charles Alan Wright, et al., Federal Practice and Procedure § 1381 (3d ed. 2004) (footnotes omitted).

Citing *Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999), Pylant argues that the same pleading requirements that apply to claims asserted in a complaint apply to asserted affirmative defenses. (*See* Pylant's Br. Supp. Mot. Dismiss at 22 & n.102.) Although *Woodfield* does state that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint," it merely cites as support former Rule 8(e) which "requir[ed] all pleadings to be 'simple, concise, and direct.'"[6] *See* 193 F.3d at 362 & n.27. Furthermore, given the Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "the pleading standard applicable to affirmative defenses is unclear." *United States v. Brink*, No. C-10-243, 2011 WL 835828, at *2 (S.D. Tex. Mar. 4, 2011) (applying plausibility standard of *Twombly* and *Iqbal*); *accord EEOC v. Courtesy Bldg. Servs.*, Inc., No. 3:10-CV-1911-D, 2011 WL 208408, at *2 (N.D. Tex. Jan. 21, 2011).

Neither the Supreme Court nor the Fifth Circuit has addressed this pleading issue. *See GE Capital Commercial, Inc. v. Worthington Nat'l Bank*, No. 3:09-CV-572-L, 2011 WL 5025153, at *2 (N.D. Tex. Oct. 20, 2011). Accordingly, the Court may properly consider the sufficiency of a defense without considering whether the *Iqbal* and *Twombly* standards have been met. *See id.* (simply applying the *Woodfield* standard); *Courtesy Bldg. Servs. Inc.*, 2011 WL 208408, at *2 (N.D. Tex. Jan. 21, 2011) (applying the *Woodfield* standard and declining to decide whether the plausibility standard applies).

The Court applies the long-standing principles set out in *Woodfield* without applying interpretations related to Rule 8(a) found in *Twombly* and *Iqbal*. Therefore, defendants "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of

---

[6]Currently, Fed. R. Civ. P. 8(d)(1) requires allegations to be "simple, concise, and direct."

the defense that is being advanced." *Woodfield*, 193 F.3d at 362. And it may be sufficient in some cases to merely plead "the name of the affirmative defense." *Id.* To meet the "'fair notice' pleading requirement," a defendant must "sufficiently articulate[] the defense so that the plaintiff [is] not a victim of unfair surprise." *Id.* (quoting *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)). The purpose of pleading an affirmative defense "is to give the opposing party notice of the [defense] and a chance to argue, if he can, why the imposition of [the defense] would be inappropriate." *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971).

### IV. MOTION TO STRIKE

In this case, Pylant contends that Cuba's asserted defenses are insufficient as pled. (*See* Doc. 12 at 23.) Cuba asserts the following three defenses in his answer:

> 3. First Defense: Consent.
>
> 4. Second Defense: Res judicata & collateral estoppel.
>
> 5. Third Defense: Plaintiff's own fault, acts or omissions caused or contributed to her injury, if any.

(Doc. 10 at 9.) In response to the motion, Cuba states that "[a]mple facts are pleaded regarding the affirmative defenses of consent and comparative/contributory." (Cuba's Resp. at 25.) He also states that the defenses of res judicata and collateral estoppel address Pylant's references to the Texas Penal Code in her first count against him.[7] (*See id.*)

"Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). And a defense is insuf-

---

[7]Pylant cites to Tex. Penal Code §§ 22.01(a)(1) and (3) and 22.011(a)(1)(A) in Count I against Cuba, which alleges civil assault and battery. (*See* Pl.'s First Am. Pet. ¶ 33.)

ficient as a matter of law when "it cannot succeed under any circumstances." *RTC v. Vestal*, 838 F. Supp. 305, 307 (E.D. Tex. 1993).

"The party seeking to strike a pleading or part thereof has a 'demanding burden' to show adequate grounds under Rule 12(f)." *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *6 (D. Kan. Aug. 29, 2011).

> In order to succeed on a motion to strike surplus matter from an answer, it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.

*FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). In other words, a court should grant a motion to strike a defense only when the defense "to be stricken has no possible relation to the controversy." *Cf. Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 458 (5th Cir. 2012) (per curiam) (addressing a motion to strike pleadings that allegedly included immaterial information and failed to comply with local rules as to form); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007) (addressing motion to strike complaint as impertinent and scandalous). And "absent prejudice to an opposing party, courts should not strike a defense." *Layne Christensen Co.*, 2011 WL 3847076, at *6. Moreover, "[s]triking a defense should further the purpose of Rule 12(f) 'to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.'" *Id.* (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009)).

Whether to grant a Rule 12(f) motion to strike is essentially a matter of discretion. *SEC v. Cuban*, 798 F. Supp. 2d 783, 787 (N.D. Tex. 2011). "That discretion includes deferring a ruling on the sufficiency of a defense until trial to avoid costly and inefficient duplication of evidence." *Layne Christensen Co.*, 2011 WL 3847076, at *6. And when granting the motion is warranted, the Court's discretion extends to granting the non-movant leave to amend the pleading to cure the insufficiency.

*Id.*; *Cuban*, 798 F. Supp. 2d at 797 (recognizing that courts often permit such re-pleading).

Under the facts of this case, the Court finds that Cuba has sufficiently pled his first and third defenses. Prior to asserting his defenses, Cuba sets out two paragraphs containing factual background that puts those defenses in context. (Doc. 10 at 8.) Cuba sufficiently articulates those defenses to avoid unfairly surprising Pylant.

But the second asserted defense is less clear from the answer. The two background paragraphs do not mention any prior action that could make res judicata or collateral estoppel applicable. However, earlier in the answer, Cuba made admissions and denials regarding a prior unsuccessful criminal action against him. (*See id.* at 2-4.) Pylant's own complaint mentions the prior criminal action. (*See* Pl.'s First Am. Pet. ¶¶ 9, 12-13.) Although it thus appears that Cuba has articulated a basis for asserting his res judicata and collateral estoppel defense, the prior criminal acquittal provides no legitimate basis for the asserted defense. With respect to issues raised in the prior criminal action, the acquittal "does not constitute an adjudication on the preponderance-of-the-evidence test which applies in civil proceedings." *United States v. Burch*, 294 F.2d 1, 3 (5th Cir. 1961). An acquittal is merely "an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused." *Helvering v. Mitchell*, 303 U.S. 391, 397 (1938). Consequently, "[t]he difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata" when a party attempts to use a prior acquittal to bar re-litigation of issues decided in the criminal action. *Id.*; *accord Burch*, 294 F.2d at 3 n.2. One cannot use a prior criminal acquittal as a sword to slay an asserted civil claim. Based on the pleadings in this case, it appears that the defense of res judicata and collateral estoppel has no possible relation to this civil controversy. Including the defense in the answer merely creates unnecessary confusion. Accordingly, the Court strikes the defense but provides Cuba an opportunity to replead the defense to show its applicability in the context of this case.

## V.  CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART, DENIES IN PART, AND FINDS MOOT IN PART** Plaintiff Julia Pylant's Motion to Dismiss Counterclaims and Affirmative Defenses (doc. 11).  The Court hereby grants the motion to the extent Pylant seeks dismissal of defamation counterclaims under Fed. R. Civ. P. 12(b)(6) based upon (1) her March 2012 reports as barred by the one-year statute of limitations and (2) her grand jury and trial testimony as such testimony is absolutely privileged.  It also grants the motion to the extent Pylant seeks dismissal of the counterclaim for intentional infliction of emotional distress under Rule 12(b)(6) and to strike the res judicata and collateral estoppel defense.  The Court strikes that defense and dismisses those counterclaims to that extent.  Within twenty-one days of the date of this Order, Defendant Cuba may replead the struck defense.  It finds the motion moot to the extent it relies on the Texas Citizens Participation Act.  It otherwise denies the motion.

**IT IS SO ORDERED this 6th day of March, 2015.**

_____
**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**